# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| ROBBIE DERDEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:09CV446 |
| | § | |
| | § | |
| WEINSTEIN & RILEY, P.S., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

Now before the Court are Defendant Weinstein & Riley, P.S.'s Motion for Summary Judgment (Dkt. 22) and Plaintiff's Motion for Partial Summary Judgment (Dkt. 31). Having reviewed the record and as discussed at the October 4, 2010 final pretrial conference in this case, the Court finds that there are fact issues in this case and that it shall proceed to trial.

### BACKGROUND

This suit arises out of a prior state court lawsuit filed in Navarro County, Texas against Robbie L. Derden (Plaintiff in the underlying suit) by Dodeka, L.L.C.. The state court suit was filed on April 13, 2009. On October 6, 2009, Dodeka settled its claims with Plaintiff. Defendant in this case, Weinstein & Riley, P.S., represented Dodeka during the settlement.[1]

---

[1] The Court notes that Defendant here does not appear to have been the law firm which filed the lawsuit on Dodeka's behalf.

Plaintiff filed this suit on September 4, 2009. In this suit, Plaintiff brings claims under the Federal Fair Debt Collection Practices Act, the Texas Debt Collection Practices Act, and the Texas Deceptive Trade Practices Act.[2] Specifically, Plaintiff argues that Defendant violated 15 U.S.C. §1692e(2)(A)of the Fair Debt Collection Practices Act and Section 392.304(a)(8) of the Texas Finance Code by sending her correspondence in July 30, 2007 that demanded payment for a debt in the amount of $10,736.88 but later stating that the debt owed was only $7,704.28. Plaintiff also claims that Defendant violated 15 U.S.C. §1692c(a)(2) of the FDCPA on July 20, 2009 by directly corresponding with her rather than her counsel when Defendant knew her to be represented.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

---

[2] The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. Attorneys can be held liable under the FDCPA as "debt collectors." *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S. Ct. 1489, 1489, 131 L. Ed. 2d 395 (1995) (the term "debt collector" in the Fair Debt Collection Practices Act applies to a lawyer who regularly, through litigation, tries to collect consumer debts); *Gonzalez v. Kay*, 577 F.3d 600, 607 (5th Cir. 2009) ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up.'"). A party's general debt collection activities are determinative of whether they meet the statutory definition of a debt collector. *Kaltenbach v. Richards*, 464 F.3d 524, 529 (5th Cir. 2006). *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct.1605 (2010) (discussing the scope of the bona fide error defense available to lawyers under Section 1692k of the FDCPA).

one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001).

## ANALYSIS

In Defendant Weinstein & Riley, P.S.'s Motion for Summary Judgment (Dkt. 22), Defendant seeks summary judgment that Plaintiff's claims in this suit are barred by language within an October 6, 2009 settlement agreement signed by Plaintiff. The agreement, on Weinstein & Riley, P.S. letterhead, contains the following provision:

> Pursuant to this settlement agreement, ROBBIE L. DERDEN hereby releases and forever discharges Dodeka, L.L.C., its board of directors, attorneys, Weinstein & Riley, P.S., officers and other employees from all liability, claims, demands, actions or causes of action in connection with any claims, past or present, against Dodeka, L.L.C. as of the date of the signature below.

Dkt. 22-3. The simple issue before the Court is whether Plaintiff's claims in this suit fall within the release language as a matter of law. If they do, then summary judgment should be granted in Defendant's favor. If not, her claims should proceed to trial.

Having reviewed the plain language of the release, the Court finds that there are fact issues as to whether Plaintiff's federal and state law claims against Defendant were released. "Federal common law controls the interpretation of a release of federal claims." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002). While the Fifth Circuit adheres to the conviction that "[p]ublic policy favors voluntary settlement of claims and enforcement of releases," the release must

3

cover the claims at issue for the issue to be disposed of on summary judgment. *Williams v. Phillips Petroleum Co.,* 23 F.3d 930, 935 (5th Cir.1994); *see also Nail v. Brazoria County Drainage Dist. No. 4*, 992 F. Supp. 921, 924 (S.D. Tex. 1998). Similarly, in Texas, any claims not clearly within the subject matter of a release are not discharged, even if such claims existed at the time the release was executed. *Boales v. Brighton Builders, Inc*. 29 S.W.3d 159, 167 (Tex. App. - Houston [14th Dist.] 2000, no pet.). If a release is ambiguous such that it is subject to more than one reasonable interpretation, summary judgment is not appropriate and the interpretation of the contact presents a fact issue for the jury. *Kalyanaram v. Burck*, 225 S.W.3d 291, 297 (Tex. App. - El Paso 2006, no pet.) (citing *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.,* 940 S.W.2d 587, 589 (Tex. 1996)).

Here, the plain language of the release appears to release Weinstein & Riley, P.S. for any claims Plaintiff may have "against Dodeka, L.L.C." It does not, however, unambiguously address any claims Plaintiff may have *against Weinstein & Riley, P.S. individually*. Therefore, summary judgment is inappropriate and the fact issue will be presented to the jury for determination. Defendant's motion for summary judgment is DENIED.

Plaintiff has also filed a Motion for Partial Summary Judgment (Dkt. 31), in which Plaintiff seeks summary judgment on her claims under the FDCPA. Again, the Court finds that the issues are best presented to the jury for resolution.

Plaintiff seeks summary judgment on her claims that Defendant violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by misrepresenting the character, amount, or legal status of her debt and

15 U.S.C. § 1692c(a)(2) of the FDCPA by communicating through her rather than her counsel. Plaintiff argues that the FDCPA is a strict liability statute and a single violation of the FDCPA entitles her to judgment as a matter of law.

Here, Defendant has offered summary judgment evidence to create a fact issue as to whether Defendant knew that Plaintiff was represented by counsel at the time the alleged communication in violation of 15 U.S.C. §1692c(a)(2) was made. *See* Dkt. 33-1, 33-2, 33-3. There is also a fact issue as to whether the different amounts listed in the two demand letters sent to Plaintiff were actually misrepresentations of the amount owed or whether Plaintiff's debt was reduced over time for some other reason, such as payment. *See* Dkt. 33-5.

Further, the Court finds that, even if the difference in the demand letters did violate the FDCPA, there is a genuine issue of material fact as to Defendant's bona fide error defense under 15 U.S.C. §1692k(c) and whether Defendant's violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. *See* Dkt. 33-5. The facts of this case simply are not appropriate for summary judgment.

The motions for summary judgment (Dkts. 22 & 31) are DENIED, and Plaintiff's claims shall proceed to trial.

**SO ORDERED.**
**SIGNED this 25th day of October, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE